### FITZGERALD *v.* COX ET AL.

WITNESS.—*Note Assigned by Administrator.*—In an action by an assignee of the administratrix of an estate, on a promissory note executed to the decedent, and assigned under the statute to the plaintiff as an heir, the maker of the note is not a competent witness to prove payment of the note to the decedent.

APPEAL from the Marion Common Pleas.

BUSKIRK, C. J.—This was an action by the appellant, as assignee of Sarah W. Fitzgerald, administratrix of the estate of J. H. Fitzgerald, deceased, upon a note executed by the appellee John F. Cox, payable to the said decedent, for the sum of one hundred dollars.

There was issue, trial by jury, finding for defendants, motion for new trial made, overruled, and excepted to.

Various errors have been assigned and argued by counsel, but it will only be necessary to notice one of them, and that question arises upon the alleged error of the court in overruling the motion for a new trial. The facts are these: John F. Cox, on the 17th day of November, 1862, executed his note to John H. Fitzgerald, who has since departed this life. Sarah W. Fitzgerald administered upon the estate of said decedent. After the payment of the debts of said administration she assigned the note to the appellant, who was one of the heirs of the said decedent. The assignment was made by virtue of section 114 of the act for the settlement of decedents' estates. 2 G. & H. 518.

This action was brought upon said note by the assignee thereof. The defendant Cox pleaded payment of the note in the lifetime of the decedent. Upon the trial of the cause, the court, over the objection and exception of the appellant, permitted the appellee Cox to testify in reference to the payment of said note. This was assigned as one of the reasons for a new trial. The court erred in permitting the appellee Cox to testify as a witness. He was clearly incompetent, as was held by this court at the present term, in the case of *Peacock* v. *Albin, ante,* p. 25. The ruling in

this case is based upon the decision in the above case. For this error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions for a new trial, and for further proceedings in accordance with this opinion.

*A. F. Denny,* for appellant.

*J. E. Heller, J. T. Dye,* and *A. C. Harris,* for appellees.